MOTION TO REMAND
DOUCET, Judge.
On June 16, 1988 defendant-appellant filed a motion for devolutive appeal and a motion to be allowed to proceed in forma pauperis on appeal. The trial court signed an order granting the appeal and permitting defendant-appellant to proceed in for-ma pauperis on appeal. The plaintiff-appel-lee moves to remand this case to the trial court for purposes of allowing it to traverse the allegations in defendant-appellant’s affidavits of poverty. Judgment in favor of plaintiff-appellee was rendered on May 10, 1988.
Notice of the appeal and pauper status was sent to counsel for appellee on June 20,1988 by the clerk of court for the Tenth Judicial District Court. According to plaintiff-appellee’s Motion to Remand and brief in support of the motion, counsel’s first notice of the appeal and pauper status was the notice of the appeal sent by the clerk of court’s office which was received by counsel on June 21, 1988. Plaintiff-appellee contends it was not afforded an opportuni *1200 ty to traverse the allegations contained m the affidavits of poverty.
The right to traverse is contained in La. C.C.P. Art. 5184 which provides, in pertinent part:
“An adverse party may traverse the facts alleged in the affidavits of poverty, and the right of the applicant to exercise the privilege granted in this Chapter, by a rule against him to show cause why the order of Court permitting him to litigate, or continue the litigation, without paying the costs in advance, or as they accrue, or furnishing security therefor, should not be rescinded.”
In Babineaux v. LeBlanc, 337 So.2d 690 (La.App. 3rd Cir.1976) this Court stated,
“Once an appeal is granted in forma pau-peris, the proper remedy to traverse the affidavits of poverty or the applicant’s right to exercise the privilege is to timely apply to the appellate court to remand the case for that purpose.”
The factual situation in Babineaux, supra is virtually identical to the instant case. In Babineaux, supra the plaintiff filed his petition in forma pauperis; however, at the hearing on the rule to traverse plaintiff’s attorney stipulated plaintiff was not a pauper. Following trial, judgment was rendered in favor of defendants. Plaintiff filed a petition for appeal and a motion and order to be allowed to proceed in forma pauperis on appeal.
Just as in the instant case, the defendants in Babineaux, supra alleged their first notice of the appeal and pauper status was the notice of appeal sent from the clerk’s office. Because defendants had no opportunity to traverse plaintiff’s right to proceed in forma pauperis, this court remanded the case to the trial court for purposes of allowing defendants an opportunity to traverse plaintiff’s right to proceed in for-ma pauperis.
As the jurisprudence recognizes plaintiff-appellee’s right to have this case remanded, it is ordered that this case be remanded to the trial court to allow plaintiff-appellee an opportunity to traverse defendant-appellant’s right to proceed in forma pauperis on appeal.
MOTION GRANTED.
REMANDED.